Allen, J.
delivered the opinion of the Court.
The Court is of opinion, that according to the true construction of the act reducing into one, the several acts, directing the method of proceeding in Courts of Equity against absent debtors and other absent defendants, 1 Rev. Code, ch. 123, >§> 4, p. 475; the provision of the 4th section, directing the decree to stand absolutely confirmed against the absent debtor, who shall not within seven years appear and petition to have the cause reheard, applies to and should be restricted to so much of said decree as operated upon the estate or effects of such absent debtor, subject to the jurisdiction of the Courts of this Commonwealth: the interest of the creditors and the public requiring, that so far as the decree operated upon a cause or matter subject to the jurisdiction of the Court, rights thereto acquired under the proceedings had, should be quieted within a reasonable time. And in this, but little hazard was encountered of doing injustice to the absent debtor, as it was but a fair presumption, that if he owned estate or effects of value, he would have notice of the proceeding within the time limited. This construction is sustained by the last clause of the said 4th section, which authorizes the Court, at the end of such term, to make such further order for quieting the plaintiff or plaintiffs in any such suits, in their possession and title to the estate or effects so sequestered or made liable, as may seem reasonable. Thus referring the limitation of seven years to the possession and title to the estate or effects sequestered ; and making the decree absolute to the extent requisite to quiet the same.
*111 The Court is further of opinion, that such decree, so far as it extends beyond the cause or thing subject to the jurisdiction of the Courts of this Commonwealth, and operates as a decree in personam merely, is entitled to all the respect to which any other decree is entitled in all collateral controversies; so that, if property should be sold under an execution issued thereon, the title could not be impeached by objections to the form or merits of the decree. The Court is further of opinion, that as the statute authorizes the proceeding, the decree when rendered, merges the original cause of action, so far as to enable the plaintiff to rely thereon in any subsequent proceeding to enforce it, as prima facie evidence of the demand it establishes; and to repel the defence of the statute of limitations; except so far as said statute may apply to judgments or decrees. But the Court is further of opinion, that such decree so far as it reaches beyond the cause or thing subject to the jurisdiction of the Court, and purports to operate in personam merely, so as to create a personal charge alone, is not of such binding and conclusive character as to preclude all enquiry into the merits thereof, notwithstanding more than seven years have elapsed since it was pronounced. A construction which would lead to a different result would violate the principles of natural justice, which forbid that any man should be condemned unheard ; and would impute to the Legislature the intention of giving to the Courts of this Commonwealth jurisdiction over persons throughout the earth. The Court is therefore of opinion, it is competent for the defendant, where it is attempted to enforce such decree against him as a personal demand, to shew in his defence, that the said decree was erroneous or unjust upon the face of the proceedings; or to prove by evidence aliunde, that it was against equity and good conscience : and that it would be equally competent for him to impeach the same, for similar causes, in a proper proceeding to be instituted by him.
*112 The Court is further of opinion, that by the 5th section of the said act, decrees against absent defendants should receive the same effect as decrees against absent debtors are entitled to. So far as the decree operates IlPon a subject within the jurisdiction of the State, the interests of such absentee therein are conclusively bound by the decree, unless he shall appear and petition for a rehearing within the seven years. This is made manifest by the concluding clause of the 5th section, which directs that the proceedings in relation to such absent defendants, shall in all respects be the same, both before and after the decree, as are prescribed in relation to absent debtors, so far as such proceedings against absent debtors shall be applicable to other absent defendants. The proceedings after decree, in the case of absent debtors, are the proceedings for quieting the title or possession to the estate or effects sequestered. The proceedings analogous thereto, in the case of other absent defendants, after decree, would be to quiet the possession or title to the interest of the absent defendant to any matter within the jurisdiction of the Court involved in the suit and passed upon by the decree. But the limitation of seven years has no application to the decree, or so much thereof as acts in personam, and establishes a personal demand.
The Court is further of opinion, that as this was a bill filed to enforce a decree rendered against David Buchanan, proceeded against, not as an absent debtor having effects within the Commonwealth, but as an absent defendant merely, the merits of the whole decree are open for investigation ; and that it is competent for his representative, and the representatives of the deceased partners, and the representative of Rootes, to shew from the face of the proceedings, or from any other evidence to be adduced, that said decree was erroneous or illegal, or against equity.
The Court is further of opinion, that as by the opinion and decree of the Court below the said decree against *113 the said David Buchanan was treated as conclusively establishing the demand against him, as surviving partner, and against the estates of the deceased partners, and as in this respect said opinion and decree are erroneous, it would be improper in this stage of the cause to pronounce any opinion upon any other question involved in the case, before the representatives of Allan and Robert Pollock have been brought before the Court, and an opportunity afforded them and the representative of said David Buchanan, and the representative of said Rootes of controverting said decree upon the matters appearing on the face thereof, or any other matter to be adduced by them.
The decree reversed; and the cause remanded to make the representatives of Robert and Allan Pollock, parties; and for farther proceedings.